AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
DANIEL G. STONE (SBN 265397)
DStone@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Plaintiff
The Ray Charles Foundation

TOBEROFF & ASSOCIATES, P.C.
Marc Toberoff (State Bar No. 188547)
*mtoberoff@toberoffandassociates.com*
22823 Malibu Road Suite 50-363
Malibu, California, 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THE RAY CHARLES FOUNDATION, a California Corporation,

Plaintiff,

v.

RAENEE ROBINSON, an individual; RAY CHARLES ROBINSON, JR., an individual; SHEILA ROBINSON, an individual; DAVID ROBINSON, an individual; ROBERT F. ROBINSON, an individual; REATHA BUTLER; and individual; and ROBYN MOFFETT; an individual,

Defendant.

Case No. 12CV02725 RSWL (FFMx)

*Assigned To: Hon. Ronald S.W. Lew*

**JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

Date of Filing: March 29, 2012

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Pursuant to Federal Rule of Civil Procedure 26(f), L.R. 26-1, and the Court's Order dated November 5, 2015 (Dkt. No. 83), the parties submit the following Joint Report.

The parties held an early meeting of counsel on November 4, 2015. Attending the meeting were: Aaron J. Moss and Daniel G. Stone on behalf of Plaintiff The Ray Charles Foundation, and Marc Toberoff on behalf of Defendants. After the Court issued its Order dated November 5, 2015, the parties met and conferred again on December 28, 2015 to prepare this Report.

## I. PROCEDURAL BACKGROUND

Plaintiff The Ray Charles Foundation (the "Foundation") is a charitable foundation created by the late Ray Charles. Defendants are seven of Mr. Charles' adult children.

In 2010, Defendants filed and served 39 notices of termination under the Copyright Act, 17 U.S.C. §§ 304(c) and 203(a), pertaining to 51 musical compositions, written or co-written by Ray Charles in the 1950s (the "Compositions"). In 2012, the Foundation filed this suit challenging the termination notices. Its Complaint asserts three claims for relief. The First Claim is for declaratory and injunctive relief that the termination notices are invalid under 17 U.S.C. §§ 304(c) and 203(a), or, alternatively, for a declaration as to the operative termination notice and effective date of termination for each of the Compositions. The Second Claim asserted that Defendants' termination notices breached Defendants' alleged contracts with Ray Charles. The Third Claim asserted a claim for breach of the implied covenant of good faith and fair dealing.

In 2012, Defendants filed a motion to dismiss the First Claim under Fed. R. Civ. P. 12(b)(1) and (6) for lack of standing, and a motion to strike RCF's Second and Third Claims pursuant to California's anti-SLAPP statute, Cal. Cod. Civ. P. § 425.16. On January 25, 2013, the district court (Judge Audrey B. Collins): (1)

granted Defendants' motion to dismiss the First Claim, and (2) granted Defendants' motion to strike the Second and Third Claims and awarded Defendants their attorneys' fees per Cal. Code Civ. P. § 425.16(c). On February 11, 2013, the district court entered judgment in favor of Defendants.

The Foundation appealed the district court's dismissal of its First Claim, but did not appeal the dismissal of its Second and Third Claims. The Ninth Circuit reversed the Judgment as to the First Claim, and remanded to the district court for further proceedings as to that claim. The Ninth Circuit subsequently denied Defendants' petition for rehearing and rehearing en banc.

On November 4, 2015, Defendants filed an Answer to the First Claim and a Counterclaim for declaratory relief as to the validity and scope of their notices of termination. On November 25, 2015, the Foundation filed an Answer to Defendants' Counterclaim. Plaintiff's First Claim and Defendants' Counterclaim are now before this Court. The parties have not commenced discovery.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## II. THE NATURE AND BASES OF THE PARTIES' CLAIMS AND DEFENSES

### A. Plaintiff's Contentions

Plaintiff The Ray Charles Foundation (the "Foundation") is a charitable foundation created by the late Ray Charles to benefit those with hearing disorders and to fund education, culture, and the arts. Defendants are seven of Mr. Charles' adult children. As part of his estate plan, Mr. Charles established a trust for each Defendant and left the rest of his estate, including his intellectual property rights, to the Foundation.

This suit concerns 51 songs written by Ray Charles in the 1950s. The Foundation filed this suit in 2012 challenging Defendants' termination notices as to the Compositions.

The Foundation filed this lawsuit because Defendants' termination notices, if

effective, will cut off certain rights and revenues that Ray Charles promised to the Foundation, and will ultimately prevent the Foundation from granting those revenues to the many charities it supports. The Foundation contends that Defendants' termination notices are invalid for at least two reasons.

*First*, the Foundation contends that each of the Compositions was written pursuant to Ray Charles' documented employment relationship with Atlantic Records ("Atlantic") and its affiliate, Progressive Music Publishing Co. ("Progressive"), and that each composition at issue is therefore a work made for hire not subject to termination under the 1976 Copyright Act. Because each of the works at issue was created when the 1909 Copyright Act was in effect, "the copyright presumptively vested in [Mr. Charles'] employer." *Dolman v. Agee*, 157 F.3d 708, 712, n.1 (9th Cir.1998).

*Second*, The Foundation contends that even if some or all of the compositions at issue are determined to not be works made for hire, Defendants' termination notices are facially improper. For example, and as reflected in Exhibit A to the Complaint, Defendants recorded conflicting termination notices that would terminate copyrights in the same musical composition on different dates. The Ninth Circuit found that "[t]he Foundation is at least entitled to a declaration establishing when the right to receive royalties reverts to Charles's heirs." The termination notices are also improper because they do not properly account for Mr. Charles' 1980 Agreement by which he assigned certain unpublished compositions and regranted other published compositions.

B. Defendants' Contentions

Ray Charles was not employed by Atlantic, Progressive, or any other entity to write the Compositions and therefore the Compositions are not works made for hire. In 1954, Mr. Charles thus specifically assigned his copyrights in his songs and that 1954 assignment and those Compositions thereby assigned are clearly subject to the termination provisions of the Copyright Act.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

The termination notices are entirely valid and proper. The termination notices were drafted and served on Warner/Chappell Music Inc. ("Warner/Chappell"), Progressive's successor-in-interest, and filed with the U.S. Copyright Office in full compliance with the Copyright Act, 17 U.S.C. §§ 203(a), 304(c) and the regulations promulgated thereunder by the Register of Copyrights, 37 C.F.R. § 201.10. Accordingly, neither Warner/Chappell nor any other terminated grantees  opposed or challenged the validity or scope of Defendants' statutory termination notices. That certain termination notices list different versions of some Compositions bearing the same title is unremarkable and valid because the effective termination date for each version is properly calculated based on the date it was registered with the Copyright Office.

The 1980 Agreement relied on by Plaintiff acknowledged Ray Charles' 1954 assignment of his copyrights to numerous Compositions and listed them in an appendix. The 1980 Agreement neither revoked that 1954 assignment nor regranted the copyrights already owned by Progressive or its successor Rightsong Music, Inc. It, therefore, had no effect on the Defendants' statutory termination regarding the Compositions assigned in 1954.

Plaintiff relies on its status as an alleged charitable foundation and on Mr. Charles' testamentary wishes to somehow avoid the statute and elicit special treatment. However, both are legally irrelevant to the Copyright Act's termination provisions as Judge Collins confirmed in this case. *Ray Charles Found. v. Robinson*, 919 F. Supp. 2d 1054, 1066 n. 9 (C.D. Cal. 2013). This holding was neither appealed nor reversed. Furthermore, notwithstanding Defendants' statutory terminations, Plaintiff will continue to own an enormous cash endowment and will continue to receive all foreign revenues from the Compositions.

## III. PRESERVING DISCOVERABLE INFORMATION

Pursuant to Rule 26(f)(2), the parties discussed their obligations to preserve

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

discoverable information. At this time, the parties do not anticipate any issues regarding the preservation of discoverable information. The parties note that the compositions at issue date back to the 1950s. It may take a substantial period of time to obtain the pertinent records from the United States Copyright Office and, to the extent available, from various third parties who may possess them.

## IV. PROPOSED DISCOVERY PLAN

Pursuant to Rules 26(f)(2) and 26(f)(3), and Local Rule 26-1(f), the parties discussed a potential discovery plan.

### A. What Changes Should Be Made In The Timing, Form, Or Requirement For Disclosures Under Rule 26(a), Including A Statement Of When Initial Disclosures Were Made Or Will Be Made

***Initial Disclosures***. The parties do not believe any changes to the timing or form of disclosures is necessary. Due to the holidays, the parties have agreed to make their initial disclosures on or before January 22, 2015.

### B. Subjects On Which Discovery May Be Needed

1. The pertinent copyright registrations, other recorded documents, and correspondence with the United States Copyright Office.

2. Ray Charles' relationship with Atlantic/Progressive in the 1950s and early 1960s.

3. Ray Charles' creation of the Compositions.

4. Ray Charles' agreements with Atlantic/Progressive and its successors-in-interest regarding the Compositions.

5. Ray Charles' communications with Defendants, if any, with respect to the Compositions.

6. The termination notices and documents referenced therein.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

7. Records and evidence concerning the Compositions.

8. The parties' communications with third parties regarding the Compositions and/or the termination notices.

9. The parties' agreements with third parties regarding the Compositions and/or the termination notices.

10. Accountings and payments to the parties regarding the Compositions.

Each party reserves its right to seek discovery on additional subjects, and preserves all discovery objections. Plaintiff has provided Defendants with a draft stipulation to a [Proposed] Protective Order, and the parties will agree upon a standard for exchanging electronically stored information.

**C. Disclosure Or Discovery Of Electronically Stored Information, Including The Form Or Forms In Which It Should Be Produced**

The parties will, as appropriate, produce responsive and relevant electronically stored information in TIFF or a similar format (except where metadata, legibility, or ease of review would be disturbed, in which case the parties will produce documents in native format) and will provide appropriate metadata. The parties will meet and confer to establish specific file format and metadata standards for producing electronically stored information, and to discuss under what circumstances electronically stored information should be searched or produced, the parameters of any such searches, and related issues.

**D. Any Issues About Claims Of Privilege Or Of Protection As Trial-Preparation Materials, Including—If The Parties Agree On A Procedure To Assert These Claims After Production—Whether To Ask The Court To Include Their Agreement In An Order**

1. **Protective Order.**

The parties anticipate submitting a [Proposed] Protective Order for the Court's review.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**E. What Changes Should Be Made In The Limitations On Discovery Imposed Under These Rules Or By Local Rule, And What Other Limitations Should Be Imposed**

The parties do not request at this time that the Court make any additional changes to the Rules or the Local Rules governing discovery.

Plaintiff would prefer if, before moving for an order relating to discovery, the movant have the opportunity to request a conference with the Court or the Magistrate. *See* Federal Rule of Civil Procedure 16(b)(3)(B)(v).

Defendants believe that the parties should follow the normal rules and procedures governing discovery without overburdening the Court or the Magistrate.

**F. Other Orders That The Court Should Issue Under Rule 26(C) Or Under Rule 16(B) And (C)**

As noted herein, the parties anticipate that they will submit a [Proposed] Protective Order for the Court's review.

**V. THE COMPLEXITY OF THE CASE, AND WHETHER ALL OR PART OF THE PROCEDURES OF THE MANUAL FOR COMPLEX LITIGATION SHOULD BE UTILIZED**

The parties agree that the procedures set forth in the Manual for Complex Litigation do not apply to this case.

**VI. THE DISPOSITIVE OR PARTIALLY DISPOSITIVE MOTIONS WHICH ARE LIKELY TO BE MADE, AND A CUT-OFF DATE BY WHICH ALL SUCH MOTIONS SHALL BE MADE**

Motions for Summary Judgment: The parties anticipate filing motions for summary judgment. The parties propose a summary judgment cut-off date of

February 10, 2017.

**VII. SETTLEMENT EFFORTS TO DATE AND PLANS FOR MAXIMIZING SETTLEMENT PROSPECTS**

The parties have informally discussed the prospect of settlement. Private mediation may be appropriate at a later date.

**VIII. SELECTION OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES**

Pursuant to Local Rules 26-1(c) and 16-15.4, the parties select alternative dispute resolution procedure number 3 ("[t]he parties shall participate in a private dispute resolution proceeding"). The parties will meet and confer regarding the selection of a mutually agreeable private mediator and the timing for such a mediation.

**IX. PRELIMINARY ESTIMATE OF THE TIME REQUIRED FOR TRIAL**

Plaintiff currently estimates a jury trial will last approximately 10-15 trial days.

Defendants currently estimate a jury trial will last approximately 10 trial days.

**X. PROPOSED CASE SCHEDULE**

Pursuant to Local Rule 26-1(f), the parties discussed a proposed case schedule.

| Event | Date | Days Before Trial |
|---|---|---|
| Fact Discovery Cutoff | Friday, September 30, 2016 | |

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

| | | |
|---|---|---|
| Expert Witness Disclosures | Friday, October 21, 2016 | |
| Rebuttal Expert Witness Disc. | Wednesday, November 16, 2016 | |
| Expert Discovery Cutoff | Friday, December 9, 2016 | |
| MSJ Filing Deadline | Friday, February 10, 2017 | |
| Motion Hearing Cutoff | Tuesday, March 28, 2017 | |
| Final Pretrial Conference | Tuesday, April 4, 2017 | |
| Trial | Monday, April 24, 2017 | |

## XI. SEVERANCE, BIFURCATION, OR OTHER ORDERING OF PROOF

The parties do not anticipate any request for severance, bifurcation, or other ordering of proof.

## XII. LIKELIHOOD OF APPEARANCE OF ADDITIONAL PARTIES

The parties do not anticipate that additional parties will be added.

## XIII. UNUSUAL LEGAL ISSUES PRESENTED BY THE CASE

The parties do not foresee any unusual legal issues other than those that typically arise in cases concerning notices of termination under the Copyright Act.

///

///

DATED: January 12, 2015

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: /s/ Daniel G. Stone
AARON J. MOSS (SBN 190625)
DANIEL G. STONE (SBN 265397)
Attorneys for Plaintiff The Ray Charles Foundation

DATED: January 12, 2015

TOBEROFF & ASSOCIATES, P.C.

By: /s/ Marc Toberoff
MARC TOBEROFF
Attorneys for Defendants

**SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policy & Procedures Manual, the filer whose ECF password is used to file this document hereby certifies that the content of this document is acceptable to all signatories thereto and that the filer has obtained all signatories' authorization to affix their electronic signature to this document.

DATED: January 12, 2015

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: /s/ Daniel G. Stone
AARON J. MOSS (SBN 190625)
DANIEL G. STONE (SBN 265397)
Attorneys for Plaintiff The Ray Charles Foundation

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590