1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| THE RAY CHARLES FOUNDATION, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAENEE ROBINSON, an individual; RAY CHARLES ROBINSON, JR., an individual; SHEILA ROBINSON, an individual; DAVID ROBINSON, an individual; ROBERT F. ROBINSON, an individual; REATHA BUTLER; and individual; and ROBYN MOFFETT; an individual,<br><br>Defendants. | Case No. CV 12-02725 RSWL (FFMx)<br><br>**[PROPOSED]** PROTECTIVE ORDER |
|---|---|
| RAENEE ROBINSON, an individual; RAY CHARLES ROBINSON, JR., an individual; SHEILA ROBINSON, an individual; DAVID ROBINSON, an individual; ROBERT F. ROBINSON, an individual; REATHA BUTLER; and individual; and ROBYN MOFFETT; an individual,<br><br>Counterclaimants,<br><br>v.<br><br>THE RAY CHARLES FOUNDATION, a California Corporation,<br><br>Counterclaim Defendant. | |

The Court, having considered the Stipulated Protective Order filed by Plaintiff The Ray Charles Foundation and Defendants Raenee Robinson, Ray Charles Robinson, Jr., Sheila Robinson, David Robinson, Robert F. Robinson, Reatha Butler and Robyn Moffett (each individually, a "Party" and collectively, the "Parties") on March 30, 2016, and good cause appearing therefore, hereby adopts, pursuant to Federal Rule of Civil Procedure 26(c), the terms of the Stipulated Protective Order.

IT IS HEREBY ORDERED THAT:

## Good Cause Statement

This case concerns the validity and effectiveness of notices of termination of copyright grants filed by defendants. Discovery is likely to entail financial documents and information that constitute, contain, or reveal sensitive, private, personal, and/or proprietary information, including documents relating to the royalties generated by the works. This case is also likely to put at issue information that may constitute a trade secret and agreements that constitute, contain, or reveal highly sensitive, private, personal, and/or proprietary information, including confidential and/or trade secret agreements entered into by the parties concerning the works and/or any resulting royalties.

Therefore, consistent with Federal Rule of Civil Procedure 26(c), good cause exists for the Court to enter this Protective Order with respect to the specific items identified in paragraphs 1 and 2 because the Parties and nonparties would suffer serious competitive harm by the dissemination of such confidential, proprietary, trade secret (as defined by California Civil Code §§ 3426, *et seq.*), or otherwise private information and materials, and the producing Party's interest in restricting the disclosure and use of the confidential information identified below substantially outweighs the interest of the public in having access to such information.

**Designation of Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"**

1. The Parties shall have the right to designate as "CONFIDENTIAL" and subject to this Stipulated Protective Order the following categories of information and Discovery Material that have not been made public and that would cause competitive harm to the Parties or implicate the privacy interests of Parties or nonparties:

   (a) Non-public documents, notes, contracts, or information relating to the royalties generated by the works;

   (b) Non-public agreements entered into by the parties relating to the works and/or any resulting royalties;

   (c) Non-public documents or information relating to personal financial information ;

   (d) Information that constitutes a trade secret, as defined by California Civil Code section 3426.1(d);

   (e) Documents and information that implicate the privacy interests of nonparties;

   (f) Agreements that constitute, contain, or reveal sensitive, private, personal, and/or proprietary information;

   (g) Financial documents and information that constitute, contain, or reveal sensitive, private, personal, and/or proprietary information; and

   (h) Other non-public documents or information for which a Party reasonably believes disclosure could have an adverse business or competitive impact.

2. The Parties shall have the right to designate as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and subject to this Stipulated Protective Order the following categories of information and Discovery Material

that have not been made public and that would cause competitive harm to the Parties or implicate the privacy interests of nonparties:

      (a)    Any highly sensitive material that may result in significant risk of competitive disadvantage or harm if disclosed to another Party in this action or nonparty without restriction on use or further disclosure. The parties agree that such highly sensitive materials will likely include, but are not limited to, (i) financial documents and information that constitute, contain, or reveal highly sensitive private, personal, and/or proprietary information; (ii) information that constitutes a trade secret; or (iii) agreements that constitute, contain, or reveal highly sensitive private, personal, and/or proprietary information.

3. The Parties may discover additional categories of documents that contain confidential and proprietary information in addition to those set forth above. The enumeration of categories above is without prejudice to the Parties' rights to seek modification of this Protective Order to include additional categories of information and Discovery Material.

4. The designation of Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" (together, "Confidential Information") shall be made by stamping each page of the document containing such information with a legend substantially in the form of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" prior to its production, or by any other method agreed to in writing by counsel for the Parties. In the case of physical objects, computer disks, or other tangible things, the designating Party shall stamp the foregoing legend on a label placed on the item itself or on the container in which it is produced. All designations shall be stamped or affixed so as to not obscure or deface the Discovery Material or any portion of its contents.

5. A nonparty shall have the right to designate as Confidential Information the information or Discovery Material it produces in this action if (i) the nonparty complies with and agrees to be bound by the provisions of this Stipulated Protective Order and (ii) the information or Discovery Material meets the applicable standard for designation, as provided in paragraph 1 or 2, above.

6. Any notes, summaries, compilations, or copies containing Confidential Information or electronic images or databases containing Confidential Information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such notes, summaries, compilations, copies, electronic images, or databases are made or derived.

7. Inadvertent failure to designate any information as Confidential Information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection. A Party who discovers such inadvertent failure shall, promptly upon such discovery, notify the other Parties and promptly provide substitute copies of such information with the appropriate confidentiality designation.

## **Limitation on Use of Designated Information**

8. Each Party and all persons bound by the terms of this Stipulated Protective Order shall not use, disclose, or release any information or Discovery Material designated as Confidential Information under this Stipulated Protective Order for any purpose other than the prosecution or defense of the claims asserted in this action or any related alternative dispute resolution proceeding. The attorneys of record for the Parties and other persons receiving such information governed by this Stipulated Protective Order shall take all reasonable steps to ensure that such information and Discovery Material governed by this Stipulated Protective Order are (i) used only for the purposes specified herein; and (ii) disclosed only to authorized persons. Nothing herein shall be construed to limit in any way any Party's use of its own information or publicly available information.

**Restrictions on Disclosure of Materials Designated "CONFIDENTIAL"**

9.  Except as otherwise provided by written stipulation of the Parties or by order of the Court, information and Discovery Material designated "CONFIDENTIAL" shall not be disclosed to or discussed with any person except:

(a) the Parties and their parents, subsidiaries, and affiliates, including their present and former officers, directors, partners, or employees, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(b) the Parties' attorneys of record in this action, the partners, members, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(c) in-house counsel to the Parties and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(d) the Parties' outside intellectual property counsel and outside transactional counsel, the partners, members, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(e) the Court and court personnel;

(f) deposition officers, court reporters, and videographers used in connection with this litigation, and their respective staffs;

(g) any discovery referee, arbitrator, or neutral mediator appointed by the Court or agreed to by the Parties to preside over disputes in this action, as well as their employees and personnel;

(h) the jury;

(i) employees of outside copying, printing, binding, electronic discovery, trial support, or computer services used in connection with this litigation;

(j) subject to Paragraph 13, persons who have been retained by any Party (or by its attorneys of record) for the purpose of assisting in this action as outside consultants or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(k) deposition witnesses during their deposition testimony, but only for the purposes of this litigation and to the extent reasonably necessary, and witnesses shall not retain copies of such "CONFIDENTIAL" Discovery Material;

(l) subject to Paragraph 13, deposition witnesses prior to their deposition testimony to prepare them for deposition and only to the extent reasonably necessary and only when, in good faith, the disclosing counsel believes there is a reasonable likelihood that the witness will be shown or questioned about the Discovery Material designated "CONFIDENTIAL," but witnesses shall not retain copies of such "CONFIDENTIAL" Discovery Material; and

(m) subject to Paragraph 13, such other persons as the Parties may agree or may be ordered by the Court.

**Restrictions on Disclosure of Materials Designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"**

10. Except as otherwise provided by written stipulation of the Parties or by order of the Court, information and Discovery Material designated "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be disclosed to or discussed with any person except:

    (a) the Parties' attorneys of record in this action, the partners, members, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

    (b) the Parties' in-house counsel responsible for supervising this litigation and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

    (c) the Parties' outside intellectual property counsel and outside transactional counsel, the partners, members, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

    (d) the Court and court personnel;

    (e) deposition officers, court reporters, and videographers used in connection with this litigation, and their respective staffs;

    (f) any discovery referee, arbitrator, or neutral mediator appointed by the Court or agreed to by the Parties to preside over disputes in this action, as well as their employees and personnel;

    (g) subject to Paragraph 13, persons who have been retained by any Party (or by its attorneys of record) for the purpose of assisting in this action as outside consultants or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

  (h) deposition witnesses during their deposition testimony, but only for the purposes of this litigation and to the extent reasonably necessary and witnesses shall not retain copies of such "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Discovery Material; and

  (i) subject to Paragraph 13, deposition witnesses prior to their deposition testimony to prepare them for deposition and only to the extent reasonably necessary and only when, in good faith, the disclosing counsel believes that there is a reasonable likelihood that the witness will be shown or questioned about the Discovery Material designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," and witnesses shall not retain copies of such "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Discovery Material; and

  (j) subject to Paragraph 13, such other persons as the Parties may agree or may be ordered by the Court.

**Certification of Persons to Whom Discovery Materials are Disclosed**

11. Prior to disclosure of any Discovery Materials designated as Confidential Information to any person described in paragraphs 11(j), (l), and (m) and 12(h), (j) and (k) hereof, such person shall be given a copy of this Stipulated Protective Order and shall sign a certification in the form of Appendix A attached hereto. Such signed and completed certification shall be retained by the attorneys of record for the disclosing Party and shall be subject to inspection by the Court or by opposing counsel. The Party securing such certification shall take reasonable steps to ensure that such persons signing such certifications observe the terms of this Stipulated Protective Order. To be clear, this requirement of a signed certification does not apply to the Court or court personnel.

**Maintenance of Designated Information**

12. The Parties' counsel in this litigation, and those persons who have received Confidential Information pursuant to this Protective Order, shall maintain such Confidential Information in a secure and safe location and shall exercise due and proper care with respect to the storage, custody, use, and disposal of all Confidential Information, so as to prevent the unauthorized or inadvertent disclosure of any of it.

**Designation of Deposition Transcripts and Discovery Responses**

13. Deposition transcripts, or portions thereof, may be designated as subject to this Stipulated Protective Order either (i) at the time of such deposition, in which case the designating Party shall direct the court reporter to bind the transcript of the designated testimony in a separate volume marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"; or (ii) within thirty (30) days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record for the Parties, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating Party. All deposition transcripts shall be treated as "CONFIDENTIAL"—whether so designated or not—until the expiration of this thirty (30) day period unless a different period of time is agreed to between the Parties. Notwithstanding this provision, and for the avoidance of doubt, any deposition transcript or portion of a deposition transcript designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be treated as such.

**Disclosure of Information to the Court**

14. All Discovery Material designated as Confidential Information submitted to the Court for consideration in relation to a motion, application, or any other filing shall be lodged provisionally under seal, in compliance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California (including Local Rule 79-5).

15. Prior to lodging Discovery Material under seal, the Party desiring to file such Discovery Material may request that the designating Party agree that such materials be de-designated as Confidential Information, and the designating Party shall in good faith consider such a request.

### Disclosure to Author or Recipient

16. Notwithstanding any other provisions of this Stipulated Protective Order, nothing herein shall prohibit counsel for a Party from disclosing information or Discovery Material to any person whom the particular item of information or Discovery Material clearly identifies as an author, addressee, or copy recipient of the particular item of Discovery Material; and, regardless of designation pursuant to this Stipulated Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the information or Discovery Material other than that which specifically refers to such conduct or statements, and such discussion shall not constitute disclosure within the terms of this Stipulated Protective Order.

### Disclosure Pursuant to Subpoena or Other Compulsory Process

17. If a receiving Party receives a subpoena or other compulsory process commanding the production of information or Discovery Material designated as Confidential Information, that Party shall promptly notify the designating Party. The Party receiving the subpoena or compulsory process shall not produce any such information or Discovery Material in response to the subpoena without providing the designating Party reasonable notice so that Party can object to the disclosure if it chooses. The Party receiving the subpoena or other compulsory process shall not object to the designating Party having a reasonable opportunity to appear in the litigation or process seeking disclosure of information or Discovery Material designated as Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof. Nothing in this Stipulated Protective Order shall be

construed as authorizing a Party to disobey a lawful subpoena issued in another action.

### **Inadvertent Disclosure of Privileged Material**

18. In the event that any document or thing containing or constituting privileged material—including attorney-client communications or attorney work product—is inadvertently disclosed or produced (collectively "produced"), the producing Party shall notify the receiving Party promptly after it is discovered that the privileged material was inadvertently produced, and upon receipt of such notification the receiving Party shall promptly return to counsel for the disclosing Party any and all physical copies of such document or thing, certify the deletion of any and all electronic copies of such document or thing, and thereafter refrain from any use whatsoever, in this case or otherwise, of such document or thing. Nothing herein shall prevent the receiving Party from contending that any such document or thing was not inadvertently produced, or that privilege was waived for reasons other than the mere inadvertent production thereof.

19. In the event that a receiving Party receives a document or thing containing privileged material—including attorney-client communications or attorney work product—that the receiving Party believes has been inadvertently produced, the receiving Party shall notify the producing Party promptly after it is discovered that the privileged material may have been inadvertently produced. If a producing Party has notified the receiving Party of inadvertent disclosure or production hereunder, or has confirmed the inadvertent disclosure or production called to its attention by the receiving Party, the receiving Party shall promptly return to counsel for the producing Party any and all physical copies of such document or thing, certify the deletion of any and all electronic copies of such document or thing, and thereafter refrain from any use whatsoever, in this case or otherwise, of such document or thing. Nothing herein shall prevent the receiving Party from contending that any such document or thing was not inadvertently

produced, or that privilege was waived for reasons other than the mere inadvertent production thereof.

20.  The inadvertent production in this action of any document or thing containing or constituting privileged material—including privileged attorney-client communications or attorney work product—shall not be deemed a waiver of that privilege, or preclude reliance on that privilege, provided that the producing Party notifies the receiving Party in writing promptly after discovery of such inadvertent production.

### Additional Protections

21.  This Stipulated Protective Order shall not preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as they may consider appropriate.

### Challenge to Confidentiality Designations

22.  This Stipulated Protective Order shall not preclude any Party from (i) asserting that any matter designated hereunder is not entitled to the protections of this Stipulated Protective Order; (ii) applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Stipulated Protective Order; or (iii) applying for an order modifying this Stipulated Protective Order in any respect.

23.  If any Party to this action believes that any Writing designated by another Party (the "Designating Party") hereunder as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" does not reasonably merit such designation (the "Objecting Party") it may inform the Designating Party of such by written notice by stating with particularity for each challenged Writing the grounds why such designation is improper hereunder.  The Parties will promptly confer regarding such notice in a good faith effort to resolve the matter. However, if an agreement is not reached within seven (7) days from the

Designating Party's receipt of such notice, the Designating Party may within twenty-one (21) days from its receipt of the notice serve on the Objecting Party its portion of a joint stipulation on a motion for a protective order regarding the designation(s) in question. The challenged CONFIDENTIAL designation(s) will be deemed to be removed from the information and/or document(s) in question only if: (a) the Designating Party fails within such time period to serve its portion of a joint stipulation on a motion for a protective order, or (b) if upon such motion the challenged designation(s) is/are not upheld by the Court.. The Party seeking to maintain confidentiality shall bear the burden of proving that that the material is entitled to such designation. The material shall be treated as Confidential Information until any motion is decided by the Court. For purposes of clarity, this paragraph 25 applies to the Parties, and to any person or entity person defined in Paragraphs 11(a)-(d), (j), or 12(a)-(c), (g), and to any person or entity otherwise represented by a Party's counsel but does not apply to information marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by any other non-party in response to a subpoena.

24. No Party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

## **Prior Knowledge**

25. This Stipulated Protective Order shall not apply to any information or Discovery Material that, prior to disclosure pursuant to this Stipulated Protective Order, is public information or knowledge. The restrictions contained in this Stipulated Protective Order shall not apply to information and Discovery Material that: (i) is, or after disclosure become, public knowledge other than by an act or omission of the Party or others subject to this Stipulated Protective Order to whom such disclosure is made, or (ii) is lawfully and independently acquired from a source not subject to this Stipulated Protective Order.

26. This Stipulated Protective Order shall not apply to any information or Discovery Material that, prior to disclosure pursuant to this Stipulated Protective Order, was already known by or in the possession of the receiving Party.

27. This Stipulated Protective Order shall apply to any information or Discovery Material that, prior to entry of this Stipulated Protective Order, was disclosed to other Parties in connection with this litigation and that was designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

## Return of Designated Information

28. Upon final disposition or resolution of this action, upon written request by a designating Party within sixty (60) days after such final disposition or resolution, each Party shall either (i) assemble and return all information and Discovery Material designated Confidential Information, including all copies, to the Party from whom the designated material was obtained or (ii) destroy all such information and Discovery Material, at the option of the Party in possession thereof. Upon further written request by a designating Party, each Party shall provide written certification that it has returned or deleted any and all information and Discovery Material designated Confidential Information, including all copies.

29. Notwithstanding the foregoing, each Party and outside counsel of record for each Party may retain solely for its archives (i) copies of all pleadings, affidavits, declarations, briefs, memoranda, expert reports, and exhibits and other papers filed in this action; (ii) one set of transcripts of all testimony taken at any depositions or hearings (with exhibits); and (iii) all of its own work product generated in connection with this action. However, any Party or outside counsel who retains a copy of such files shall continue to treat and limit access to those files in the manner prescribed by this Protective Order, including but not limited to Paragraphs 11 and 12 of this Protective Order.

30. Any such materials that are not returned or destroyed shall remain subject to this Stipulated Protective Order, and the Court shall retain jurisdiction to ensure that the terms hereof are not violated.

### Modification, Waiver, or Termination of Stipulated Order

31. No part of the restrictions imposed by this Stipulated Protective Order may be modified, waived, or terminated, except by the written stipulation executed by counsel of record for each Party, or by an Order of the Court. No modification by the Parties shall have the force or effect of a Court order unless the Court approves the modification.

### Inapplicability at Trial

32. This Protective Order is not intended to prohibit the use or admissibility of any Confidential Information upon trial of this case. Issues involving the protection of Confidential Information and Discovery Material during trial will be presented to the Court prior to or during trial.

### No Legal Effect of Confidentiality Designations

33. The designation by a Party or a nonparty of any document, material, tangible thing, or information as Confidential Information is intended solely to facilitate discovery in this litigation. Neither such designation nor treatment in conformity with such designation shall be construed in any way as an agreement by a Party or a nonparty that the designated disclosure constitutes or contains any trade secret, proprietary, or confidential information.

34. Neither such designation nor treatment in conformity with such designation shall be construed in any way as an agreement by a Party or a nonparty that the designated disclosure is relevant to or discoverable in this action.

35. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. The Parties specifically agree that they shall not use this Order to support a waiver argument in any discovery motion, or to

argue that any Party waived its objections to produce any particular documents or information.

36. The Parties agree to be bound by this Order pending the entry of this Order, or an alternative thereto which is satisfactory to the Parties, by the Court, and any violation of this Order's terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

### Headings

37. The headings in this Stipulated Protective Order are for convenience only and are not intended to affect or alter the text of the paragraphs or the substance of this Stipulated Protective Order.

Based on the stipulation of the Parties and for good cause shown, IT IS SO ORDERED:

Dated: __April 12, 2016              By:____/S/ Frederick F. Mumm____
                                          The Honorable Frederick F. Mumm

AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
DANIEL G. STONE (SBN 265397)
DStone@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Plaintiff The Ray Charles Foundation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RAY CHARLES FOUNDATION, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAENEE ROBINSON, an individual; RAY CHARLES ROBINSON, JR., an individual; SHEILA ROBINSON, an individual; DAVID ROBINSON, an individual; ROBERT F. ROBINSON, an individual; REATHA BUTLER; and individual; and ROBYN MOFFETT; an individual,<br><br>Defendants. | Case No. 12CV02725 RSWL (FFMx)<br><br>*Assigned To: Hon. Ronald S.W. Lew*<br><br>**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**<br><br>Date of Filing: March 29, 2012 |
| RAENEE ROBINSON, an individual; RAY CHARLES ROBINSON, JR., an individual; SHEILA ROBINSON, an individual; DAVID ROBINSON, an individual; ROBERT F. ROBINSON, an individual; REATHA BUTLER; and individual; and ROBYN MOFFETT; an individual,<br><br>Counterclaimants,<br><br>v.<br><br>THE RAY CHARLES FOUNDATION, a California Corporation,<br><br>Counterclaim Defendant. | |

1. I have received a copy of the Stipulation and Protective Order (the "Order") entered by the United States District Court for the Central District of California (the "Court") in the above-referenced action. I have carefully read and understand all of the provisions of the Order.

2. I agree to be bound by all of the provisions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for purposes of this action, any information or documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" which I receive in this action.

3. I understand that a violation of the Order is punishable by contempt of Court, and I hereby consent to the jurisdiction of the Court for the purpose of enforcing the terms and restrictions of the Order.

Name (print) _____

Address _____

Signature _____ Date: _____